# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

KOU HER                                                                          PETITIONER


v.                                    NO. 5:16-cv-00089 KGB/PSH


WENDY KELLEY, Director of the                                    RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, the objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

<u>FINDINGS AND RECOMMENDATION</u>

I. <u>STATE AND FEDERAL PROCEEDINGS</u>. During the evening hours of May 9, 2013, petitioner Kou Her ("Her") broke into his aunt and uncle's home with the intention of kidnapping their fourteen-year-old daughter and trading her for sex. During Her's attempt to kidnap the fourteen-year-old girl, his aunt and uncle's six-year-old granddaughter was murdered. Her was discovered in the home, and a fight ensued between Her and his relatives. During the fight, Her injured his uncle and cousin. Her was not subdued until police officers eventually arrived at the home.

Her was charged with numerous offenses and tried for them in Johnson County, Arkansas, Circuit Court on December 12, 2013. He testified at trial and acknowledged the following: "he owed a man named Stitch $6,000 from a drug deal several years before in Philadelphia. … [T]o satisfy the debt, [Her] offered the man a [fourteen-year-old] virgin [<u>i.e.</u>, his aunt and uncle's fourteen-year-old daughter] in exchange for forgiveness of the debt." See <u>Her v. State</u>, 2015 Ark. 405, — S.W.3d —, 2015 WL 6759464 at 3 (2015). The jury convicted Her of the offenses charged and sentenced him to the custody of respondent Wendy Kelley ("Kelley"). Her appealed his conviction, but the Arkansas Supreme Court found no reversible error and affirmed his conviction.

Her thereafter filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The petition was denied, and there is no record that he attempted to appeal the denial of the petition.

-2-

Her commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his December 12, 2013, conviction. He appeared to raise four claims in his petition, although his articulation of the claims is not a model of clarity. As his first claim, he alleged that his appellate attorney was ineffective because counsel filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738 (1967). As Her's second, third, and fourth claims, he made no specific allegations but instead made the following broad statements or assertions: "ineffective assistance," see Document 2 at CM/ECF 5; "actual and constructive denial per the total lack of initial review collateral stage counsel," see Document 2 at CM/ECF 8; and "denial of a fair and impartial trial and appeal lack of due process [Fourteenth] amendment violation and [Fifth] amendment, [Sixth] amendment," see Document 2 at CM/ECF 10.

Kelley filed a response to Her's petition. In the response, Kelley maintained that the petition should be dismissed because Her's claims are vague, conclusory, or palpably incredible; the claims are procedurally barred from federal court review; and the claims have no merit.

The Court notified Her of Kelley's response and offered Her an opportunity to explain why his petition should not be dismissed for the reasons advanced by Kelley. Her was given up to, and including, June 9, 2016, to file his reply. June 9, 2016, has now come and gone, and Her has filed nothing in reply to Kelley's response.

II. <u>HER'S FIRST CLAIM</u>. Her first maintains that his appellate attorney was ineffective because counsel filed a no-merit brief pursuant to <u>Anders v. California</u>. Her failed, though, to identify the claims he believes counsel should have raised on direct appeal. The undersigned has taken the liberty of construing Her's petition extremely broadly and has incorporated portions of his state trial court petition for post-conviction relief into the petition at bar. Having done so, it appears that he maintains a challenge to his mental competency at the time of the offenses and a challenge to his ability to assist in his own defense should have been raised on direct appeal.

Kelley maintains that all of Her's claims are procedurally barred from federal court review and are insufficiently plead. Kelley is likely correct in both respects. Rather than resolve the procedural bar question and resolve the question of whether the claims are sufficiently plead, the undersigned will bypass those questions and reach the merits of his four claims.

A claim of ineffective assistance of appellate counsel is subject to the same two-part test articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), for claims of ineffective assistance of trial counsel. <u>See</u> <u>Harris v. Missouri</u>, 960 F.2d 738 (8th Cir. 1992). "Consequently, in order to establish ineffective assistance of appellate counsel, a petitioner 'must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense.' <u>Zinzer v. Iowa</u>, 60 F.3d 1296, 1299 (8th Cir. 1995)." <u>See</u> <u>Flanders v. Denney</u>, — F.Supp.2d —, 2011 WL 5983363, 6 (W.D.Mo. 2011).

It is true that appellate counsel did not raise on direct appeal Her's mental competency. Instead, counsel filed a no-merit brief. See Document 2 at CM/ECF 224-238. Assuming counsel erred when he did not raise the mental competency issue, the undersigned is not persuaded that Her's claim warrants relief. The undersigned so finds for the following reason.

The issue of Her's mental competency was raised prior to trial. The state trial court judge signed an order directing that Her undergo a mental health evaluation. See Document 5, Exhibit C at CM/ECF 12-14.[1] Her was seen by Dr. Monica Parkins, Ph.D., ("Parkins") at the Arkansas State Hospital. Parkins prepared a report, which was approved by Dr. Mark Peacock, Ph.D., in which Parkins opined, inter alia, that Her "currently possesses an adequate rational and factual understanding of the proceedings against him." See Document 5, Exhibit C at CM/ECF 44. With respect to Her's mental state at the time of the offenses, Parkins opined the following:

> … Mr. Her declined to provide an account of the alleged offense without first speaking with his attorney or having his attorney present. As a result, Mr. Her did not participate in an assessment of his mental state at the time of the offense. Based on his unremarkable clinical presentation and his intact adjudicative fitness, it is my opinion that Mr. Her made a voluntary, knowing, and intelligent waiver of his affirmative right to decline this part of the evaluation.

See Document 5, Exhibit C at CM/ECF 46. The record is silent as to what occurred after

---

[1] The order specifically sought, inter alia, "[a]n opinion as to the extent, if any, to which the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law at the time of the conduct alleged," and "[a]n opinion on whether the defendant, as a consequence of mental disease or defect, lacks the capacity to understand the proceeding against him and to assist effectively in his own defense." See Document 5, Exhibit C at CM/ECF 13.

Parkins prepared her report, but it is clear that Her's mental competency was no longer in issue once she prepared the report.

Given the foregoing, Her can show no prejudice. The state trial court judge could and apparently did find on the basis of Parkins' report that Her was capable of assisting in his own defense. With respect to Her's competency at the time of offenses, he cannot now complain about his supposed lack of competency because he refused to assist Parkins in formulating an opinion. There is nothing to suggest that the state trial court judge's findings would have been disturbed on direct appeal, and appellate counsel's decision to not raise the mental competency issue was not an unreasonable choice.

III. <u>HER'S SECOND CLAIM</u>. As Her's second claim, he makes no specific allegation but simply alleges "ineffective assistance." The undersigned has taken the liberty of construing Her's petition extremely broadly and has incorporated portions of his state trial court petition for post-conviction relief into the petition at bar. Having done so, it appears that he maintains his trial attorney was ineffective because counsel failed to prepare for trial, failed to offer a mental disease or defect defense, and failed to offer any evidence in mitigation. Save one assertion, Her's assertions lack specificity. He has not specifically alleged the steps counsel failed to take in preparing for trial, and Her has not specifically identified the evidence counsel should have offered in mitigation. The only assertion Her adequately presented, and the only assertion the undersigned will consider, is his assertion that counsel failed to offer a mental disease or defect defense.

At the close of State's case-in-chief, the state trial court judge conducted a brief

conference outside the presence of the jury. During the conference, Her's trial attorney

made the following statement:

> Judge, the next thing I need to address to the Court is my understanding that the Defendant wishes to testify in this case.

> He has a constitutional right to testify. He also has a constitutional right to remain silent. Defense Counsel has gone over this issue extensively with Mr. Her and we have strenuously advised him that it is to his best interest not to testify. He would be testifying against the advice of counsel.

> With that said, I just want that on the record that Defendant will be doing so against the advice of counsel.

See Document 5, Exhibit C at CM/ECF 447. The conference concluded, the trial re-

started, and Her took the witness stand. See Document 5, Exhibit C at CM/ECF 448-489.

Her testified that a man Her knew as "Stitch" came to Her's home one night in May of

2013 and demanded payment of a drug debt. "Stitch" threatened to kill Her and his

family if the debt were not satisfied. Her offered "Stitch" two options to satisfy the debt,

one being that Her would procure a virgin for "Stitch." Her testified that in his native

country, "we can kidnap a girl to make us a wife and my culture is different from

American culture." See Document 5, Exhibit C at CM/ECF 456. "Stitch" agreed to the

arrangement, and Her and "Stitch" broke into Her's aunt and uncle's home with the

purpose of kidnapping their fourteen-year-old daughter. Her testified that he did so only

under duress, and it was "Stitch" who murdered the six-year-old girl.

Her maintains that his trial attorney should have offered a defense of mental

disease or defect. As the undersigned has noted, the issue of Her's mental competency was raised prior to trial. He underwent a mental health evaluation, and Parkins opined that Her possessed "an adequate rational and factual understanding of the proceeding against him." Parkins did not offer an opinion of Her's mental state at the time of the offenses because Her refused to answer any questions about the offenses. Once Parkins submitted her report, Her's mental competency was no longer in issue.

The undersigned is not persuaded that Her's trial attorney erred in failing to offer a mental disease or defect defense. The undersigned so finds for two reasons. First, Her testified against the advice of his attorney. Her admitted, at a minimum, to a number of offenses, one of which was being an accomplice to murder.[2] Although he testified that he participated in the criminal conduct under duress, he offered no grounds upon which to build a mental disease or defect defense.

Second, notwithstanding the foregoing, the issue of Her's mental competency was resolved prior to trial. Although Her could and did testify to being under duress when he joined in the criminal conduct, there is no reasonable probability a mental disease or defect defense would have met with any success. He maintains that his attorney should have solicited a second opinion, but there is nothing to suggest that a second opinion would have been different than Parkins' opinion.

Her can also show no prejudice. The evidence of his guilt is overwhelming,

---

[2]

There is no evidence "Stitch" participated in the criminal conduct. For purposes of the Findings and Recommendation, though, the undersigned accepts that he did.

particularly in light of his own admissions. There is no reasonable probability the outcome of his trial would have been different had a mental disease or defect defense been offered.

"There is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." See Amrine v. Bowersox, 238 F.3d 1023, 1030 (8th Cir. 2001). Her has failed to show that his trial attorney's representation fell outside that range. To the extent Her has alleged any facts to support his assertions, they do not establish that his trial attorney erred or that prejudice resulted.

IV. HER'S THIRD CLAIM. As Her's third claim, he makes no specific allegation but simply alleges "actual and constructive denial per the total lack of initial review collateral stage counsel." The undersigned has taken the liberty of construing Her's petition extremely broadly and has incorporated portions of his state trial court petition for post-conviction relief into the petition at bar. Having done so, it appears that he maintains he was denied counsel in the state post-conviction proceeding. The claim warrants no relief. Even after the United States Supreme Court decisions in Trevino v. Thaler, 569 U.S. —, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), and Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.E.2d 272 (2012), there is no constitutional right to counsel in a state post-conviction proceeding. See Lewis v. Hobbs, — F.Supp.2d —, 2014 WL 1269277 (E.D.Ark. 2014) (Marshall, J.).

V. HER'S FOURTH CLAIM. As Her's fourth claim, he makes no specific allegation but

simply alleges a "denial of a fair and impartial trial and appeal lack of due process [Fourteenth] amendment violation and [Fifth] amendment, [Sixth] amendment." The undersigned has taken the liberty of construing Her's petition extremely broadly and has incorporated portions of his state trial court petition for post-conviction relief into the petition at bar. Having done so, it appears that he again maintains that his trial attorney was ineffective because counsel failed to offer a mental disease or defect defense. The claim warrants no relief for the reasons previously identified, i.e., Her's trial attorney did not err in failing to offer a mental disease or defect defense, and Her can show no prejudice.

VI. RECOMMENDATION. It is recommended that Her's petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. It is also recommended that a certificate of appealability be denied.

DATED this 23rd day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE